# UNITED STATES DISTRICT COURT
**District of New Mexico**

| | |
|---|---|
| UNITED STATES OF AMERICA<br>V.<br>**Juana Grado-Rodriguez** | **Judgment in a Criminal Case**<br><br>(For Offenses Committed On or After November 1, 1987)<br>Case Number: **2:09CR02305-001JB**<br>USM Number: **50803-150**<br>Defense Attorney: **Angela Arellanes, Appointed** |

THE DEFENDANT:

☒ pleaded guilty to count(s) **Information**
☐ pleaded nolo contendere to count(s)
☐ after a plea of not guilty was found guilty on count(s)

The defendant is adjudicated guilty of these offenses:

| *Title and Section* | *Nature of Offense* | *Offense Ended* | *Count Number(s)* |
|---|---|---|---|
| 8 U.S.C. Sec. 1326(a)(1)/(2) | Reentry of a Removed Alien, 8 U.S.C. Sec. 1326(b)(2) | 06/29/2009 | |

The defendant is sentenced as specified in pages 2 through **5** of this judgment. The sentence is imposed under the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count .
☐ Count   dismissed on the motion of the United States.

IT IS FURTHER ORDERED that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid.

| | |
|---|---|
| County of Residence | **December 29, 2009**<br>Date of Imposition of Judgment<br><br>**/s/ James O. Browning**<br>Signature of Judge<br><br>**Honorable James O. Browning**<br>**United States District Judge**<br>Name and Title of Judge<br><br>**April 20, 2010**<br>Date Signed |

Defendant: **Juana Grado-Rodriguez**
Case Number: **2:09CR02305-001JB**

# IMPRISONMENT

The defendant is committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of **19 months**.

**The Court recommends that Immigration and Customs Enforcement begin removal proceedings during service of sentence.**

**The Presentence Investigation Report ("PSR") calculated Defendant Juana Grado-Rodriguez` offense level at 21, and her criminal history category at I, establishing a guideline imprisonment range of 37 to 46 months. Pursuant to rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure, however, the Court accepts a plea agreement which stipulates to an offense level of 20 because the Court is satisfied the agreed offense level departs for justifiable reasons. An offense level of 20 combined with a criminal history category of I establishes a guideline imprisonment range of 33 to 41 months. The Court notes that Grado-Rodriguez illegally reentered the United States subsequent to being deported following a drug-trafficking conviction.**

**The Court has considered the guidelines, but, in arriving at its sentence, has taken account not only the guidelines but other sentencing goals. Specifically, the Court has considered the guideline sentencing range established for the applicable category of offense committed by the applicable category of defendant, and the Court believes that the punishment set forth in the guidelines, even with the downward adjustment in the plea agreement, is not appropriate for this sort of offense. The Court has therefore decided to vary from the advisory guideline range in this case. The Court has considered the kinds of sentences and ranges established by the guidelines, and other possible sentences in this case. The Court believes that a sentence which is consistent with an additional departure of 5 levels is appropriate.**

**The Court believes that a sentence more in the range of 18 to 24 months, which would be an additional departure of approximately 5 offense levels, is warranted. The Court also believes that a sentence toward the low end of that range -- a sentence of 19 months -- is proper. The Court gave the issue considerable thought, and the Court agrees with Grado-Rodriguez` counsel that Grado-Rodriguez` convictions are old. They are, however, very serious -- and the United States treats them as very serious -- so the Court must be careful not to undermine congressional intent by giving a sentence that ignores that concern. At the same time, the Court must recognize that these are old convictions, and it does not appear that Grado-Rodriguez is involved in drug trafficking anymore.**

**It appears that one of Grado-Rodriguez` prior crimes occurred in Doña Ana County, New Mexico and resulted in a marijuana conviction in 1989. The court in that case treated the crime very seriously. On the other hand, a court here in Albuquerque did not treat so seriously a more recent conviction for possession with intent to distribute cocaine. The Court thus receives mixed signals from the state as to how they were treating those two convictions. The Court concludes that the facts of this case warrant an enhancement of 10 levels, rather than 12 or 16. The Court recognizes that this variance is considerable, but believes that the sentence of 19 months still provides a serious sentence for convictions that are as old as Grado-Rodriguez`.**

**In sum, the Court finds that a sentence of 19 months reflects the seriousness of this offense, promotes respect for the law, provides just punishment, and affords adequate deterrence. After all, the sole crime in this case is coming back into the United States without authorization. The Court believes that this sentence protects the public. Grado-Rodriguez, while she committed multiple drug crimes, has not engaged in any violent activities. The Court ultimately finds that this sentence fully reflects each of the factors embodied in 18 U.S.C. § 3553(a). While the Court`s task, as a trial court, is not to come up with a reasonable sentence, but rather to arrive at a sentence that balances and reflects these factors as adequately as possible, the Court finds this sentence is more reasonable than one at the low end of the guideline range of 33 to 41 months. Finally, the Court believes that a sentence of 19 months is sufficient without being greater than necessary to comply with the purposes of punishment set forth in the Sentencing Reform Act.**

☒   The court makes these recommendations to the Bureau of Prisons:

**The Court recommends Florence Federal Correctional Institution, Florence, Colorado, or any other facility in Colorado that accommodates females, if eligible.**

☒   The defendant is remanded to the custody of the United States Marshal.

☐ The defendant must surrender to the United States Marshal for this district:
  ☐ at  on
  ☐ as notified by the United States Marshal.
☐ The defendant must surrender for service of sentence at the institution designated by the Bureau of Prisons:
  ☐ before 2 p.m. on
  ☐ as notified by the United States Marshal
  ☐ as notified by the Probation or Pretrial Service Office.

## RETURN

I have executed this judgment by:

Defendant delivered on _____ to
_____ at _____ with a Certified copy of this judgment.

UNITED STATES MARSHAL

Deputy United States Marshal

Defendant: **Juana Grado-Rodriguez**
Case Number: **2:09CR02305-001JB**

# SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of **2 years unsupervised**.

The defendant shall report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons. The defendant shall not commit another federal, state, or local crime. The defendant shall not illegally possess a controlled substance.

*For offenses committed on or after September 13, 1994:*

The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as directed by the probation officer.

- ☐ The above drug testing condition is suspended based on the courts determination that the defendant possesses a low risk of future substance abuse. (Check, if applicable.)
- ☒ The defendant shall not possess a firearm, ammunition, destructive device, or any dangerous weapon. (Check, if applicable).
- ☒ The defendant shall cooperate in the collection of DNA as directed by the probation officer. (Check, if applicable).
- ☐ The defendant shall register with the state sex offender registration agency in the state where the defendant resides, works, or is a student, as directed by the probation officer. (Check, if applicable)
- ☐ The defendant shall participate in an approved program for domestic violence. (Check, if applicable)

If this judgment imposes a fine or a restitution obligation, it shall be a condition of probation that the defendant pay any such fine or restitution that remains unpaid at the commencement of the term of supervised release in accordance with the Schedule of Payments set forth in the Criminal Monetary Penalties sheet of this judgment.
The defendant shall comply with the standard conditions that have been adopted by this court (set forth below). The defendant shall also comply with the additional conditions on the attached page (if indicated below).

## STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;
2) the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;
3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4) the defendant shall support his or her dependents and meet other family responsibilities;
5) the defendant shall obtain and maintain full time, legitimate employment, or attend a vocational or academic training program throughout the term of supervised release as directed by the probation officer;
6) the defendant shall notify the probation officer ten days prior to any change in residence or employment;
7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;
8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) the defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;
13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement;

Defendant: **Juana Grado-Rodriguez**
Case Number: **2:09CR02305-001JB**

## SPECIAL CONDITIONS OF SUPERVISION

**The defendant must not reenter the United States without legal authorization.**

Defendant: **Juana Grado-Rodriguez**
Case Number: **2:09CR02305-001JB**

# CRIMINAL MONETARY PENALTIES

The defendant shall pay the following total criminal monetary penalties in accordance with the schedule of payments.

☒ The Court hereby remits the defendant's Special Penalty Assessment; the fee is waived and no payment is required.

| Totals: | **Assessment** | **Fine** | **Restitution** |
|---|---|---|---|
| | **$waived** | **$0.00** | **$0.00** |

# SCHEDULE OF PAYMENTS

Payments shall be applied in the following order (1) assessment; (2) restitution; (3) fine principal; (4) cost of prosecution; (5) interest; (6) penalties.

Payment of the total fine and other criminal monetary penalties shall be due as follows:

The defendant will receive credit for all payments previously made toward any criminal monetary penalties imposed.

A  ☐  In full immediately; or

B  ☐  $ immediately, balance due (see special instructions regarding payment of criminal monetary penalties).

**Special instructions regarding the payment of criminal monetary penalties: Criminal monetary penalties are to be made payable by cashier's check, bank or postal money order to the U.S. District Court Clerk, 333 Lomas Blvd. NW, Albuquerque, New Mexico 87102 unless otherwise noted by the court. Payments must include defendant's name, current address, case number and type of payment.**

Unless the court has expressly ordered otherwise in the special instructions above, if this judgment imposes a period of imprisonment, payment of criminal monetary penalties shall be due during the period of imprisonment. All criminal monetary penalty payments, except those payments made through the Bureau of Prisons' Inmate Financial Responsibility Program, are to be made as directed by the court, the probation officer, or the United States attorney.